Appeal of R. & A. Miller, Inc. from decision of Lower Allen Township Disapproving Subdivision Plan. Appeal of Central States, Inc., from Denial of Intervention Below.
Central States, Inc., Appellant.

Argued February 6, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Keith A. Clark,* with him *James C. Wood,* and *Shumaker, Williams & Clark,* for appellant.

*John E. Slike,* with him *Arnold, Slike & Bayley,* for appellee, R. & A. Miller, Inc.

OPINION BY JUDGE KRAMER, April 17, 1975:

This is an appeal by Central States, Inc. (Central) from an order of the Court of Common Pleas of Cumberland County, dated August 8, 1974, which denied Central the opportunity to intervene in an appeal to that court from a denial of a subdivision plan.

Central is the legal owner of a large tract of land in Lower Allen Township. Most of the tract is occupied by a shopping center, and a small portion is leased to R. & A. Miler, Inc. (Miller) and used by Miller as a parking lot for a "fast food" restaurant. The lease arrangement between Central and Miller contains a purchase option which Miller is now planning to exercise. Miller informed Central that it intended to exercise the option "subject to township subdivision approval" and, when the Board of Commissioners of Lower Allen Township denied the subdivision plan submitted by Miller, an appeal was taken by Miller to the Court of Common Pleas of Cumberland County. Central timely filed a "Notice of Intervention" pursuant to section 1009 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11009. This statutory provision reads, in relevant part:

> "Within the thirty days first following the filing of a zoning appeal, if the appeal is from a board or agency of a municipality, the municipality and *any*

*owner* or tenant *of property directly involved in the action appealed from may intervene as of course* by filing a notice of intervention, accompanied by proof of service of the same upon each appellant's counsel of record." (Emphasis added.)

Central's intervention was opposed by Miller, and, after hearing testimony, the court below denied Central the opportunity to intervene.

There is no question about the applicability of section 1009 of the MPC to the instant case. Section 1009 is part of article ten of the MPC, and section 1001, 53 P.S. §11001, provides that the procedures outlined in article ten are the exclusive mode for securing review of any decision or determination of a municipal governing body adopted or issued pursuant to the MPC. Article five of the MPC, 53 P.S. §10501 et seq. regulates subdivisions, the subject matter of the action which underlies the instant appeal.

Given the applicability of section 1009, Miller argues that Central should be prevented from intervening through the application of the doctrine of equitable estoppel. *See Tallarico Estate*, 425 Pa. 280, 228 A. 2d 736 (1967) and *Northwestern National Bank v. Commonwealth*, 345 Pa. 192, 27 A. 2d 20 (1942). Miller's general contention is that Central, having bargained away the option to purchase, should not now be allowed to pursue a course of action which might have the effect of thwarting the exercise of the option currently held by Miller.

It is unnecessary for us to determine whether the rather exacting requirements of the equitable estoppel doctrine have been met. To the extent that section 1009 applies, the Legislature, by the enactment of the MPC, has removed the matter of intervention in cases such as this from the province of judicial discretion. Once the statutory requirements are met, the right to intervene cannot be denied.

Section 107 (12) of the MPC, 53 P.S. §10107 (12) defines "landowner" as "the legal or beneficial owner or owners of land ... or [any] other person having a proprietary interest in land. . . ." Central is the record owner of the land in question, as well as a considerable amount of adjoining land which may be "directly involved" and which will, in fact, be severed from the subject parcel if the subdivision is carried out.

Accordingly, we

ORDER

AND NOW, this 17th day of April, 1975, it is hereby ordered that the order of the Court of Common Pleas of Cumberland County, dated August 8, 1974, is reversed; and it is further ordered that Central States, Inc. be permitted to intervene in the appeal of R. & A. Miller, Inc. from the decision of the Lower Allen Township Board of Commissioners now pending in the Court of Common Pleas of Cumberland County, Civil Division at No. 510 May Term, 1974.